Mark S. Pollock, Esq. (SBN 80539) (*Local Counsel*)
POLLOCK & JAMES, LLP
1827 Clay Street, Suite 300
Napa, California 94559
Telephone: (858) 459-9111
E-mail: mpollock@pollockandjames.com

Andrew J. Campanelli, Esq. (*Pending pro hac vice admission*)
CAMPANELLI & ASSOCIATES, P.C.
1757 Merrick Ave, Suite 204
Merrick, New York 11566
Telephone: (516) 746-1600
Facsimile: (516) 746-2611
E-mail: ajc@campanellipc.com

Attorneys for Plaintiff ELIZABETH BARRIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ELIZABETH BARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, a government entity, SOUTHERN CALIFORNIA EDISON COMPANY, a domestic corporation,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PENALTIES for:**<br><br>**1. 42 U.S.C. §§ 12131 *et seq.* [Title II of The Americans with Disabilities Act];**<br><br>**2. 42 U.S.C. §§ 3601 *et seq.* [Fair Housing Act];**<br><br>**3. Cal. Gov. Code §§ 12900 *et seq.* [Fair Employment and Housing Act];**<br><br>**4. Fundamental rights to self-defense, safety, personal security and bodily integrity [42 U.S.C. § 1983; Cal. Constitution, Art. I, § 1];**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Elizabeth Barris ("Plaintiff") brings this action for declaratory and injunctive relief, punitive damages and civil penalties against the County of Los Angeles (the "County"), Southern California Edison Company[1] ("Edison," and together with the County, the "Defendants") under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("FHA") and related California Fair Employment and Housing Act, Cal. Gov. Code §§ 12900 *et seq.* ("FEHA"), Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131–12134, as well as implementing regulations 28 C.F.R. Part 35, challenging the County's refusal to grant Plaintiff's requests for reasonable accommodation on the basis of her electromagnetic hypersensitivity ("EHS") disability. She also asserts a claim for violation of her fundamental rights to self-defense, safety, personal security and bodily integrity under the United States and California Constitutions.

## INTRODUCTION

1.    The Plaintiff suffers from the worst form of EHS disability. When she leaves her dwelling, she generally has to wear Radio Frequency Radiation ("RFR" or "RF") shielding garments and clothing to protect herself from the danger of RFR exposure. She cannot live near any wireless facilities, or she would experience dramatic adverse health effects. That is the reason why she chose to move to Topanga, a very secluded area in the Santa Monica Mountains. Recently, however, wireless companies and/or site developers have constructed numerous wireless facilities all over Topanga, including one facility in very close proximity to her home owned by Edison.

2.    The Plaintiff has been constrained to bring this federal action because the County has refused to consider Plaintiff's request for ADA and FHA accommodation regarding Edison's approved wireless facility, which can injure and deprive the Plaintiff of her opportunity to live safely within the confines of her home.

3.    The Plaintiff is not asking this Honorable Court to determine whether she is disabled within the meaning of the ADA, FHA and FEHA, or to scrutinize requests for reasonable

---

[1] The Complaint does not assert any direct causes of action against Edison. Edison is named as a defendant insofar as it is a necessary party in this case because, upon information and belief, Edison received approval from the County to operate a wireless facility near Plaintiff's Residence that is the subject of this lawsuit.

1  accommodation made by disabled individuals on a case-by-case basis. Rather, Plaintiff's lawsuit

2  challenges the County's deliberate indifference to the rights of disabled individuals and seek a

3  <u>simple, finite judicial determination</u>: whether the Telecommunications Act of 1996 (including

4  subsequent Federal Communication Commission's (FCC) RF exposure guidelines) precludes both

5  ADA and FHA claims in their entirety, thus permitting local governments to refuse to (a) consider

6  whether disabled individuals are entitled to reasonable accommodation in permitting and zoning

7  matters regarding placements of wireless facilities near their homes, (b) determine what that

8  reasonable accommodation should be, and (c) mandate wireless carriers and/or site developers to

9  provide such reasonable accommodation to disabled individuals. The Plaintiff urges the Court to

10 answer this question in the negative, as there is overwhelming legal and congressional support for

11 the notion that the TCA does not strip away the rights of disabled individuals under the ADA and

12 FHA.

13       4.      The County knows that the ADA and FHA, two of the most fundamental pieces of

14 civil rights legislations that ensure equal rights and opportunities to the disabled in our society,

15 *mandate state and local governments* to review complaints filed by the public and determine if

16 disabled individuals are entitled to accommodation under these statutes. Similarly, a recent

17 California decision in <u>Brown v. Los Angeles Unified School District</u>, No. B294240 (Cal. Ct. of

18 Appeals, February 18, 2021) has confirmed that EHS disabled individuals can adequately plead

19 EHS disability within the four corners of the FEHA.

20       5.      Yet, the County has refused to consider Plaintiff's request for reasonable

21 accommodation—let alone determine what reasonable accommodation should be granted to protect

22 Plaintiff from the danger of RF exposure within the confines of her homes. A true and correct copy

23 of Plaintiff's Requests for reasonable accommodation to the County is attached hereto as **Exhibit**

24 **"A"** and incorporated by this reference.

25       6.      The County cannot possibly claim that the Plaintiff is not entitled to a reasonable

26 accommodation. Title II of the ADA prohibits discrimination on the basis of disability by public

27 entities. Similarly, the FHA requires the County to "make reasonable accommodations in rules,

28

1    policies, practices, or services, when such accommodations may be necessary to afford such person

2    equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

3         7.    The Telecommunications Act of 1996 ("TCA") contains, in turn, the following broad

4    savings clause:

5         NO IMPLIED EFFECT.—This Act and the amendments made by this Act shall not
          be construed to modify, impair, or supersede Federal, State, or local law unless
6         expressly so provided in such Act or amendments.

7         8.     This savings clause, drafted nearly *five years after* the ADA, clearly evidences

8    Congress' express desire not to preclude any parts of the ADA or FHA. Nothing in the TCA

9    modifies, impairs or supersedes the rights of disabled people. Therefore, Congress left the rights and

10   remedies of disabled individuals under the ADA and FHA fully intact.

11        9.    To the extent that the County or Edison claim that the County cannot regulate the

12   placement of wireless facilities based on health concerns, Congress did not intend the TCA (or

13   related FCC's RF exposure guidelines) to preclude the ADA and FHA or strip away the right of

14   disabled individuals, including EHS individuals, before their local zoning boards.

15        10.   Clear congressional intent and established jurisprudence in this Circuit mandate the

16   County to (a) consider Plaintiff's disability in deciding permits for the construction and operation of

17   wireless facilities under the Los Angeles County Code (the "County Code"), and (b) determine what

18   a reasonable accommodation should be in light of Plaintiff's EHS disability, to which wireless

19   carriers and/or site developers, including Edison, must abide while operating wireless facilities near

20   Plaintiff's dwelling.

21        11.   In a single, finite judicial determination, this Court has the power to declare the

22   County's actions violative of both the ADA and FHA, and order the County to comply with its

23   federally-mandated obligations—as well as its broader state-mandated obligations under the FEHA.

24                                        **PARTIES**

25        12.   Plaintiff Elizabeth Barris is an individual who resides in an apartment on Monte

26   Vista Dr., Topanga, California 90290 (the "Residence").

27        13.   Defendant County of Los Angeles is a California government agency duly organized

28   and operating in California.

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PENALTIES**

14. Defendant Southern California Edison Company is an active California corporation with an address and principal place of business at 2244 Walnut Grove Ave, Rosemead, CA 91770. Upon information and belief, Edison (1) leases space on its public utility poles or infrastructures to other companies to construct and operate their wireless facilities, (2) constructs and operates its own support structures and wireless facilities for the benefit of other wireless companies, and/or (3) unlawfully constructs and operates its own support structures and wireless communication facilities for the benefit of other wireless companies, by deliberately refusing to apply for necessary zoning permits, as required under the County Code. Annexed hereto as **Exhibit "B"** is a true copy of Edison's business model regarding wireless infrastructure.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. §§ 12133 and 12134, and 28 U.S.C. §§ 2201 and 2202.

16. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the claims arise from a common nucleus of operative fact and are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate.

17. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that Los Angeles County is the underlying County for purposes of venue and where the vast majority of the events occurred.

18. **Intradistrict Assignment.** Assignment to the Western Division of this District is proper because the action arises in Topanga, Los Angeles County.

19.

## FACTUAL BACKGROUND

**The County has exclusive control over the permits and/or variances necessary for the construction of wireless facilities.**

20. The County Code establishes an administrative procedure that vests the Department of Regional Planning ("DRP") to perform all land use planning functions regarding applications for wireless facility in Topanga, an unincorporated area of Los Angeles County, California—except for limited projects in the public right-of-way that fall under the jurisdiction of the Department of Public Works ("DPW").

21.     Every time a company seeks to construct and operate a new wireless facility, it must submit an application to obtain the necessary project permits (*e.g.*, special or conditional use permits, site plan approval, minor coastal development permits, and/or variances).

22.     Without the necessary project permits, companies cannot operate DAS systems, small cells, transmitters, cell towers or other types of wireless communications facilities in Topanga.

23.     Under the process established by the County Code, the DRP has routinely granted wireless carriers and/or site developers permission to build and operate small cells, DAS systems, other transmitters, and/or cell towers around Topanga without considering the rights of EHS disabled individuals under the ADA and FHA.

24.     Specifically, the County has no policy, practice or procedure through which the County can (a) notify adversely affected third-parties of applications for wireless facilities in close proximity to their homes, (b) notify adversely affected third-parties of any project permits issued to wireless carriers and/or site developers for the construction of wireless facilities in close proximity to their homes, (c) consider an individual's EHS disability at any point in time before approving the necessary project permits, (d) grant reasonable accommodations to EHS disabled individuals, and (e) mandate wireless carriers and/or site developers to provide reasonable accommodations to EHS disabled individuals.

25.     As logic would dictate, EHS disabled people are the ones paying the price for the irresponsible placement of these wireless facilities at a shockingly high speed and without any constraints imposed by the County. They simply wake up one morning to find unregulated wireless facilities have been installed—without notice—in close proximity to their homes. The increase in RFR emissions, combined with the unreasonable proximity of these installations to their residential properties, negatively affects their health and ability to enjoy the use and occupancy of their homes.

26.     The County's conduct in refusing to consider the rights of disabled individuals in connection with wireless facilities operated in Los Angeles County, and controlled and regulated exclusively by the County, is consistent with and part of the standard procedure and policy utilized by the County.

**Edison constructed a wireless facility in close proximity to the Residence that is or will be injurious to the Plaintiff.**

27.     As part of a nationwide deployment of wireless infrastructures, a significant number of wireless carriers and site developers have aggressively installed, or are actively in the process of installing, numerous wireless communications facilities (*e.g.*, monopoles, guyed cell towers, small cells, DAS systems or transmitters) around the country in an effort to improve their current wireless infrastructures.

28.     In recent years, Edison and other companies have decided to improve their wireless infrastructures in Topanga by (1) contracting with Edison to develop and manage wireless facilities (see Ex. B), (2) leasing space on utility poles to build their own wireless facilities, (3) constructing their own support structures and wireless facilities (see Ex. B), or (4) constructing unlawful support structures and wireless facilities without obtaining the necessary project permits under the County Code, especially during the ongoing COVID-19 pandemic where it has become more difficult to obtain zoning permits in a short period of time.

29.     Upon information and belief, Edison initially built a staggering number of wireless facilities all over S. Topanga Canyon Blvd., Topanga, CA. Then, Edison has started moving north and, upon information and belief, has targeted N. Topanga Canyon Blvd., Old Topanga Canyon Rd. and Monte Vista Dr., the street where the Plaintiff currently resides.

30.     Edison has now completed construction of one (1) transmitter located roughly two hundred fifty (250) feet from her Residence in a manner that is injurious to the Plaintiff. Alternatively, Edison's transmitter has yet to be turned on, but will likely injure the Plaintiff once it is activated. Annexed hereto as **Exhibit "C"** are photographs of Edison's transmitter.

31.     Upon information and belief, Edison operates the transmitter either for its benefit or for the benefit of the other wireless companies.

**The County's refusal to consider Plaintiff's disability.**

32.     The U.S. Architectural and Transportation Barriers Compliance Board or "Access Board," the federal agency charged with advising on disability-related matters, recognizes EHS as a disabling condition under the ADA. See 69 Fed. Reg. 44087 (July 23, 2004).

33.     According to Dr. Gunnar Heuser, a Doctor of Medicine licensed in the State of California, the Plaintiff is an individual who suffers from EHS. In Dr. Heuser's professional opinion, this medical condition severely impairs Plaintiff's neurological system and many major life activities, including, but not limited to, the following symptoms: nausea, vomiting, extreme migraines, dizziness, loss of energy, ringing and pain in her ears, tiredness, and sleep deprivation. To enjoy a better quality of life, Dr. Heuser recommends her to avoid RFR exposure. See Ex. A.

34.     When Edison erected its wireless facility in close proximity to the Residence without any notice, the Plaintiff faced the spectrum of having to leave her Residence. Thus, she promptly submitted a request for ADA accommodation to the Director of Regional Planning for the County. See Ex. A. In this correspondence, Plaintiff's attorney outlined Plaintiff's status as a qualified individual with a disability under the ADA and underscored the urgency of this matter.

35.     The Plaintiff also filled out the Reasonable Accommodation Application form that the County provides on its online website to offer a "waiver or modification to regulations, policies, procedures, and standards that is both reasonable and necessary for an individual with a disability to have an equal opportunity to use and enjoy a residential use." That is exactly what the Plaintiff contemplated when she submitted her demand for reasonable accommodation.

36.     The request was addressed to the Director of Regional Planning because (a) the County provides a specific form to make reasonable accommodation applications, and (b) the County, through either the DRP or DPW, controls and regulates the placement of wireless communications facilities in Topanga. Thus, it is the only body that can grant requests for reasonable accommodation to individuals with a disability regarding proposed or approved wireless installations, including the transmitter at issue herein.

37.     In a similar vein, the Director of Regional Planning has the authority to impose restrictions on zoning permits and mandate wireless companies or site developers to comply with those restrictions.

38.     The County, however, summarily refused to consider Plaintiff's request for reasonable accommodation claiming, *inter alia*, that "Title 22 of the Los Angeles County Code ("Zoning Code") must be with respect to the property for which the land use request is made and

where the applicant resides or will reside. All applications made the Zoning Code apply only to land use requests for that property over which the applicant has authorization or control." A true and correct copy of the County's response to Plaintiff's request for ADA and FHA Accommodation is attached hereto as **Exhibit "D"** and incorporated by this reference.

39.    Under the County's spurious interpretation, not a single EHS disabled individual will ever be entitled to receive an accommodation simply because he or she does not reside on the property where the wireless facility is located—even when, for example, a facility is installed as close as several feet from his or her bedroom window. This interpretation also contradicts the expressed language in the Reasonable Accommodation Application form where the County seeks to afford the disabled equal opportunities to use and enjoy "a residential use."

40.    The County's position on this issue is devoid of any merit and reflects a clear departure from its federally and state-mandated obligations under the ADA, FHA and FEHA. In fact, even if the purpose of the County Code, Chapter 22.182 - *Requests for Reasonable Accommodations*, is to "to ensure that individuals with disabilities have an equal opportunity to use and enjoy housing by allowing an accommodation or accommodations with respect to certain County regulations, policies, procedures, and standards if said accommodation or accommodations are both reasonable and necessary to provide such equal opportunity without compromising the County's commitment to protecting community character and environmental quality," the County refuses to do so on a practical level.

41.    The County is well aware that the Plaintiff is in desperate need of an accommodation, but continues to permit Edison to operate its wireless facility around Plaintiff's apartment without any limitations or procedural safeguards. The County has not even engaged in an interactive process to discuss how it can help prevent Plaintiff from enduring serious bodily harm.

42.    The County ignored Plaintiff's rights under the ADA, FHA and FEHA, utterly disregarded her symptoms and the seriousness of her disability, and permitted Edison to keep operating its wireless facility.

43.     As a result of the foregoing, the County has engaged in a pattern of practice of discrimination towards the Plaintiff on the basis of her EHS disability, in violation of Titles II of the ADA, the FHA and the FEHA.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE II
### (Against All Defendants)

44.     Plaintiff repeats, reiterates and incorporates by reference each of the foregoing allegations of the complaint.

45.     The Plaintiff is a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. §§ 12102 and 12131(2) and 28 C.F.R. § 35.104.

46.     The County is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

47.     As set forth above, the County routinely refuses to consider the rights of disabled individuals in the context of zoning applications for wireless communications facilities and, thus, blatantly ignored Plaintiff's request for reasonable accommodation.

48.     The County showed a deliberate indifference to Plaintiff's rights under the ADA and its implementing regulation. Its actions were the proximate cause of Plaintiff's injuries and:

(a)     constitute discrimination in violation of Title II of the ADA, 42 U.S.C. §§ 12131–12134 and its implementing regulation 28 C.F.R. Part 35, including permitting and zoning matters under 28 C.F.R. § 35.102(a);

(b)     exclude Plaintiff from participation in and deny them the benefits of the services, programs, or activities of a public entity on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(a);

(c)     afford Plaintiff an opportunity to participate in or benefit from the services of a public entity that are not equal to those afforded others, in violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(1)(ii);

(d)     otherwise limit Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(1)(vii);

(e)     fail to make reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(7);

(f)     utilize methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(3);

(g)     exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(g); and

(h)     interfere with an individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or an account of his or her having aided or encouraged any other individual in the exercise of enjoyment of, any right granted or protected by the ADA, in violation of title V of the ADA, 42 U.S.C. § 12203(b).

49.     Furthermore, a failure to consider and accommodate Plaintiff's status in reviewing applications for wireless communications facilities within the neighborhood of her Residence entails a failure to meet the County's obligations under Title II. 28 C.F.R. § 35.130(b)(7)(i); 24 C.F.R. § 100.204(a).

50.     The failure to reasonably accommodate Plaintiff—a severely disabled individual—in this context constitutes discrimination within the meaning of the statute. Disabled individuals, including EHS disabled individuals, must be protected from acts of discrimination, disparate treatments and/or failure to make reasonable accommodations necessary to accommodate Plaintiff's disability.

51.     The County acted intentionally, willfully, and in plain disregard for the rights of others, including Plaintiff's rights.

52.     The County's actions described herein constitute a pattern or practice of discrimination towards disabled individuals suffering from EHS and their rights granted by the ADA and its implementing regulation.

53.     Therefore, for all the reasons discussed herein, the Plaintiff is entitled to declaratory and injunctive relief, as well as reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

**COUNT II**
**VIOLATION OF THE FAIR HOUSING ACT**
**(Against All Defendants)**

54.     Plaintiff repeats, reiterates and incorporates by reference each of the foregoing allegations of the complaint.

55.     Plaintiff is "handicapped" within the meaning of the FHA, 42 U.S.C. § 3602 (h)(1).

56.     Plaintiff's apartment is a "dwelling" within the meaning of 42 U.S.C. § 3602(b). The resident of this dwelling is a person with disabilities within the meaning of 42 U.S.C. § 3602(h).

57.     Congress intended the language of the FHA to apply to a broad range of circumstances, including avoiding "implementing land-use rules, ordinances, policies, or procedures that restrict or deny housing opportunities or otherwise make unavailable or deny dwellings to persons because of . . . handicap." 24 C.F.R. § 100.70(d)(5).

58.     As set forth above, the County routinely refuses to consider the rights of disabled individuals in the context of zoning applications for wireless communications facilities and, thus, blatantly ignored Plaintiff's request for reasonable accommodation.

59.     The County's actions reflect a deliberate indifference to Plaintiff's rights under the FHA, were the proximate cause of Plaintiff's injuries and:

(a)     constitute a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford Plaintiff equal opportunity to use and enjoy her dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B); and

(b)     interfere with the rights of Plaintiff in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the FHA, in violation of 42 U.S.C. § 3617.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PENALTIES**
-12-

60.     The failure to reasonably accommodate Plaintiff—a severely disabled individual—in the context of housing constitutes discrimination within the meaning of the statute. Disabled individuals, including EHS disabled individuals, must be protected and provided equal access to housing options.

61.     The County acted intentionally, willfully, and in plain disregard for the rights of others, including Plaintiff's rights.

62.     The County's actions described herein constitute a pattern or practice of discrimination towards disabled individuals suffering from EHS and their rights granted by the FHA.

63.     Therefore, for all the reasons discussed herein, the Plaintiff is entitled to punitive damages, declaratory and injunctive relief, as well as reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

**COUNT III**
**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**(Against all Defendants)**

64.     Plaintiff repeats, reiterates and incorporates by reference each of the foregoing allegations of the complaint.

65.     Plaintiff is "disabled" within the meaning of the FEHA, Cal. Gov. Code § 12926.

66.     Plaintiff's apartment is a "dwelling" within the meaning of Cal. Gov. Code § 12955.1.1.

67.     While the FHA provides a floor of protection for individuals with disabilities in the context of housing, California state's law has always, even prior to the passage of the FHA, afforded additional and much broader protection—especially in the context of EHS disability in light of a recent California decision in <u>Brown v. Los Angeles Unified School District</u>, No. B294240 (Cal. Ct. of Appeals, February 18, 2021).

68.     As set forth above, the County routinely refuses to consider the rights of disabled individuals in the context of zoning applications for wireless communications facilities and, thus, blatantly ignored Plaintiff's request for reasonable accommodation.

69.     The County's actions reflect a deliberate indifference to Plaintiff's rights under the FEHA, were the proximate cause of Plaintiff's injuries and:

(a)     constitute discrimination against a person with a disability, in violation of Cal. Gov. Code § 12955(a);

(b)     constitute aiding, abetting, inciting, compelling, or coercing the doing of any of the acts or practices declared unlawful in this section, or to attempt to do so, in violation of Cal. Gov. Code § 12955(g);

(c)     make unavailable or deny a dwelling based on discrimination because of disability, in violation of Cal. Gov. Code § 12955(k);

(d)     constitute discrimination through public or private land use practices, decisions, and authorizations because of disability, in violation of Cal. Gov. Code § 12955(l).

70.     The failure to reasonably accommodate Plaintiff—a severely disabled individual—in the context of housing constitutes discrimination within the meaning of the statute. Disabled individuals, including EHS disabled individuals, must be protected and provided equal access to housing options.

71.     The County acted intentionally, willfully, and in plain disregard for the rights of others, including Plaintiff's rights.

72.     The County's actions described herein constitute a pattern or practice of discrimination towards disabled individuals suffering from EHS and their rights granted by the FEHA.

73.     Therefore, for all the reasons discussed herein, the Plaintiff is entitled to punitive damages, declaratory and injunctive relief, as well as reasonable attorneys' fees and costs under Cal. Gov. Code § 12989.

**COUNT IV**
**FUNDAMENTAL RIGHTS TO SELF-DEFENSE, SAFETY, PERSONAL SECURITY AND BODILY INTEGRITY - 42 U.S.C. § 1983; CALIFORNIA CONSTITUTION, ART. I, § 1**
**(Against all Defendants)**

74.     Plaintiff repeats, reiterates and incorporates by reference each of the foregoing allegations of the complaint.

75. At all times described herein, the Plaintiff was vested with fundamental and basic U.S. Constitutional rights to self-defense, personal security and bodily integrity, which are most acute when Plaintiff is within the confines of her own home.

76. Plaintiff's fundamental rights include the right to preserve the integrity of her body, to avoid pain, and to preserve her life.

77. Such rights of personal security, to preserve bodily integrity, and to protect oneself from harm while inside the confines of her own home, and to be secure within one's own home, are both fundamental to, and implicit within, the nation's scheme of ordered liberty, deeply rooted in our Nation's history, and protected under the Due Process clause of the 5th Amendment to the United States Constitution.

78. The Plaintiff's fundamental right to protect herself to assure her own personal safety from bodily harm extend to encompass the right to protect herself against any and all extraneous dangers or intrusions, of any type, which may intrude into her home and thereby cause her to sustain harm or injury while therein.

79. Such fundamental and basic rights constitute both liberty and property rights guaranteed and afforded protection by the Due Process Clause of the 5th Amendment to the United States Constitution.

80. Under Article I, Section 1 of the Constitution of the State of California, the Plaintiff is contemporaneously vested with Constitutional rights to defend her life and liberty, and to pursue and obtain safety.

81. Inasmuch as the Defendants interpret, and rely upon, 47 U.S.C. 332(c)(7)(B)(iv) of the TCA as prohibiting the Plaintiff, who is disabled and suffers from severe EHS symptoms, from raising objection to being bombarded by uninterrupted, extremely high levels of RF radiation while inside the confines of her own home, Plaintiff asserts that such interpretation against her violated her Constitutional rights—guaranteed to her under the United States Constitution, the 5th Amendment to the United States Constitution, and Article 1, § 1 of the California Constitution.

82.     Under such interpretation, the TCA would prohibit the Plaintiff from protecting her own physical safety, bodily integrity and personal health, against the injuries she would likely sustain as a result of exposure to excessive levels of RF radiation.

83.     Such application and interpretation of the TCA is in reckless disregard of Plaintiff's constitutional rights, and violates Plaintiff's fundamental liberties and rights under the United States Constitution and the California Constitution, as described herein above.

84.     As a result of the foregoing, the Plaintiff is entitled to declaratory judgment, nominal damages, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court enter an ORDER:

A.      On the First and Second Causes of Action (ADA & FHA claims):

(i)      declaring that the Defendants' actions violate Title II of the Americans with Disabilities Act and its implementing regulations 28 C.F.R. Part 35, and the Fair Housing Act Amendment of 1988;

(ii)     enjoining the County, its officers, employees, agents, successors and all other persons in active concert or participation with it, from discriminating on the basis of disability against any disabled individuals suffering from electromagnetic hypersensitivity, in violation of the Americans with Disabilities Act and Fair Housing Act Amendments of 1988;

(iii)    enjoining Edison, its officers, employees, agents, successors and all other persons in active concert or participation with it, from discriminating on the basis of disability against any disabled individuals suffering from electromagnetic hypersensitivity, in violation of the Americans with Disabilities Act and Fair Housing Act Amendments of 1988;

(iv)     enjoining Edison from operating its wireless facility until the County determines if Plaintiff is disabled and entitled to a reasonable accommodation;

(v)      ordering the Defendants to take all affirmative steps to ensure compliance with the Americans with Disabilities Act, its implementing regulations, and Fair Housing Act Amendments of 1988, including any and all steps necessary to prevent the recurrence of any

1  discriminatory conduct towards EHS persons, as mandated by 42 U.S.C. § 12101(b)(1), and to

2  eliminate, to the extent practicable, the effects of its unlawful housing practices as described herein;

3          (vi)     awarding punitive damages under 42 U.S.C. § 3613(c); and

4          (vii)    awarding attorneys' fees and costs under 42 U.S.C. § 12205 and 42 U.S.C. §

5  3613(c)(2), as well as assessing a civil penalty against the Defendants in an amount authorized by

6  42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

7      B.     On the Third Cause of Action (FEHA claim):

8          (i)      declaring that the Defendants' actions violate the California Fair Employment

9  and Housing Act, Cal. Gov. Code § 12955;

10          (ii)     enjoining the County, its officers, employees, agents, successors and all other

11  persons in active concert or participation with it, from discriminating on the basis of disability

12  against any disabled individuals suffering from electromagnetic hypersensitivity, in violation of the

13  California Fair Employment and Housing Act;

14          (iii)    enjoining Edison, its officers, employees, agents, successors and all other

15  persons in active concert or participation with it, from discriminating on the basis of disability

16  against any disabled individuals suffering from electromagnetic hypersensitivity, in violation of the

17  California Fair Employment and Housing Act;

18          (iv)    enjoining Edison from operating its wireless facility until the County

19  determines if Plaintiff is disabled and entitled to a reasonable accommodation;

20          (v)     ordering the Defendants to take all affirmative steps to ensure compliance

21  with the California Fair Employment and Housing Act, including any and all steps necessary to

22  prevent the recurrence of any discriminatory conduct towards EHS persons, and to eliminate, to the

23  extent practicable, the effects of its unlawful housing practices as described herein;

24          (vi)    awarding punitive damages under Cal. Gov. Code § 12989; and

25          (vii)   awarding attorneys' fees and costs under Cal. Gov. Code § 12989.

26      C.     On the Fourth Cause of Action (U.S. Constitution, Fifth Amendment to the U.S.

27  Constitution, and Cal. Constitution, Art. I, § 1 claims):

28

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PENALTIES**

1           (i)       declaring that her United States Constitutional rights, and California

2 Constitutional rights, have been violated;

3           (ii)     declaring that 47 U.S.C.A. §332(c)(7)(B)(iv) of the Telecommunications Act

4 of 1996 is unconstitutional, *as interpreted* and *as applied* against the Plaintiff herein;

5           (iii)    declaring as null and void *ab initio* the authorization, approval, and/or

6 execution of any of Edison's administrative or use permits granting Edison permission to operate its

7 wireless facility in close proximity to the Plaintiff's Residence, and directing that no further

8 approvals of an administrative or use permit may be granted by the County for proposed wireless

9 installations, without the County first conducting new hearings at which the Plaintiff shall be

10 permitted to raise her lawful concerns and present her ADA and FHA accommodation request

11 described herein;

12           (iv)    awarding nominal damages of $1 against the Defendants; and

13           (v)     awarding statutory attorneys' fees and costs as legally authorized by laws

14 inclusive of, but not limited to, 42 U.S.C. §1988.

15     D.    Awarding any additional relief as the interest of justice may require.

16 <u>**DEMAND FOR JURY TRIAL**</u>

17     Plaintiff demands a trial by jury for all the issues a jury properly may decide and for all of

18 the requested relief that a jury may award.

19 Dated: May 11, 2021                Respectfully submitted,

20                                   **POLLOCK & JAMES, LLP**

21                                   By: /s/ Mark S. Pollock

22                                   Mark S. Pollock, Esq. (SBN 80539) (*Local Counsel*)
                                  1827 Clay Street, Suite 300

23                                   Napa, CA 94559

24                                   **CAMPANELLI & ASSOCIATES, P.C.**

25                                   Andrew J. Campanelli (*pending pro hac vice*)
                                  1757 Merrick Ave, Suite 204

26                                   Merrick, NY 11566

27                                   *Attorneys for Plaintiff Elizabeth Barris*

28

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PENALTIES**